UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and BRANDON FLINN, MATT ANDREWS, STEVE MACDONALD, GARY ELLIOTT RICH MCLAUGHLIN, DONALD WILLEY, TERRY BRIGGS, DAVID A. GILLICK, BRAD GRANT, MICHAEL LUTZ, COREY BLACK and ROBERT BIEG, JR., Trustees of the Greater St. Louis Construction Laborers Welfare Fund, and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and, JEFFREY O'CONNELL, RICHARD McLAUGHLIN, RONNY GRIFFIN, BRANDON FLINN, DONALD WILLEY, GARY ELLIOTT, LOU GRASSE, JOSEPH LERITZ, DOUG WACHSNICHT, JOE HOETTE, WILLIAM L. LUTH and DAVID A. GILLICK, Trustees of the Construction Laborers Pension Trust of Greater St. Louis, and ST. LOUIS VACATION FUND – VACATION PLAN, an employee benefit plan, and GARY ELLIOTT, BRANDON FLINN, DONALD WILLEY, and WILLIAM L. LUTH, Trustees of the St. Louis Vacation Fund – Vacation Plan, and AGC–EASTERN MISSOURI LABORERS' JOINT TRAINING FUND, an employee benefit plan, and PATRICK R. PRYOR, DONALD WILLEY, PERRI PRYOR, GARY ELLIOTT, RICHARD McGUIRE, BRANDON FLINN, PHIL HOCHER, MICHAEL LUTH, JOE SCARFINO, CLIFF LAND, FRANK MARCHESI and JOHN J. SMITH, JR., Trustees of the AGC–Eastern Missouri Laborers' Joint Training Fund, and LOCAL UNION NOS. 42-110, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
|     Plaintiffs, | ) |
| v. | ) |
| | ) |
| CMT ROOFING, LLC, | ) |
| | ) |
|     Defendant. | ) |

# COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Brandon Flinn, Matt Andrews, Steve MacDonald, Rich McLaughlin, Donald Willey, Gary Elliott, Terry Briggs, David A. Gillick, Brad Grant, Michael Lutz, Corey Black, and Robert Bieg, Jr. and are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Jeffrey O'Connell, Richard McLaughlin, Ronny Griffin, Brandon Flinn, Donald Willey, Gary Elliott, Lou Grasse, Joseph Leritz, Doug Wachsnicht, Joe Hoette, William L. Luth, and David A. Gillick, and are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3. Plaintiff, St. Louis Vacation Fund – Vacation Plan, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502

and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Gary Elliott, Brandon Flinn, Donald Willey, and William L. Luth are the duly designated and acting Trustees of the Vacation Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Patrick R. Pryor, Donald Willey, Perri Pryor, Gary Elliott, Richard McGuire, Brandon Flinn, Phil Hocher, Michael Luth, Joe Scarfino, Cliff Land, Frank Marchesi, and John J. Smith, Jr., are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6. Defendant CMT Roofing, LLC is a Missouri limited liability corporation that conducts business within this judicial district.  Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and

Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2).

7. This Court has jurisdiction by virtue of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the Union is suing for violation of a contract with defendant.

8. At all times material, defendant was bound by the provisions of a collective bargaining agreement requiring monthly or weekly payments to the Welfare, Pension, Vacation and Training Funds in specified amounts and the submission of monthly or weekly report forms. Said collective bargaining agreement and the plans adopted by the Trustees of the Welfare, Pension, Vacation and Training Funds also provide that the Trustees shall be permitted to perform a periodic financial examination of defendant's books and records to insure that payments have been made in accordance with the terms of the collective bargaining agreement.

9. The collective bargaining agreement referenced in Paragraph 8 requires defendant to pay liquidated damages of twenty percent (20%) on delinquent contributions.

10. Defendant has failed to submit its weekly reports and pay the associated contributions for various periods from March 2018 through the present.[1]   Further, defendant owes $19,874.32 in liquidated damages for untimely contributions paid during various periods from February 2017 through May 2018.

11. Further, a recent financial examination performed by plaintiffs' independent accountants covering the period of August 1, 2016 through December 31, 2017, revealed that the

---

[1] Specifically, defendant has failed to file weekly reports for the following periods:  March 2018, weeks 1-5; April 2018, weeks 1-3; May 2018, week 4; and June 2018, weeks 1-5.

defendant owes a total of $1,579.98, which is comprised of $1,245.39 in unreported contributions, $274.99 in liquidated damages and $59.60 in interest through May 31, 2018.

12. The accounting fees associated with the financial examination referenced in Paragraph 11 total $1,128.00.

13. Plaintiffs are entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

WHEREFORE, plaintiffs pray the Court as follows:

(a) For a judgment in the amount of $22,582.30, which is the cumulative total of the amounts referenced in Paragraphs 10-12;

(b) For an order requiring defendant to submit its reports for the  following periods:  March 2018, weeks 1-5; April 2018, weeks 1-3; May 2018, week 4; and June 2018, weeks 1-5, along with the associated contributions and liquidated damages;

(c) For an order requiring defendant to make payments in the future to the Welfare, Pension, Vacation and Training Funds in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

(d) For additional interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g); and

(e) For such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

        HAMMOND AND SHINNERS, P.C.
13205 Manchester Rd., Suite 210
St. Louis, Missouri  63l31
(314) 727-1015 (Phone)
(314) 727-6804 (Fax)
eperez@hammondshinners.com


/s/ Emily R. Perez
EMILY R. PEREZ, #62537MO

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was electronically filed with the Clerk of the Court this 20th day of July, 2018, and copies were mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 19th and Pennsylvania Avenue, Washington, D.C. 20220.


/s/ Emily R. Perez